886 F.2d 292
 S.H. and P.F., individually and on behalf of all others
similarly situated, Plaintiffs-Appellants,
v.
Joe EDWARDS and R. Derril Gay, individually and in their
official capacities, Defendants-Appellees.
 No. 87-8635.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 28, 1989.
 
 Phyllis J. Holmen, Georgia Legal Services Program, Jonathan A. Zimring, Atlanta, Ga., for plaintiffs-appellants.
 Jefferson James Davis, Sp. Asst. Atty. Gen., Vivian Davidson Egan, Carol Cosgrove, Sen. Asst. Atty. Gen., Atlanta, Ga., for defendants-appellees.
 Steven J. Schwartz, Center for Public Representation, Northampton, Mass., Judith Gran, Public Interest Law Center of Philadelphia, David Ferleger, Philadelphia, Pa., for amicus curiae, Ass'n for Retarded Citizens of U.S., et al.
 Alice K. Nelson, Jodi Siegel, Southern Legal Counsel, Inc., Gainesville, Fla., for amicus curiae Advocacy Center for Person with Disabilities, Inc., et al.
 Appeal from the United States District Court for the Northern District of Georgia; Horace T. Ward, Judge.
 Before RONEY, Chief Judge, and TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HATCHETT, ANDERSON, CLARK, EDMONDSON and COX, Circuit Judges.
 
 BY THE COURT:
 
 1
 This case is before the court on a very limited certificate issued by the district court under Rule 54(b) (Fed.R.Civ.P.). The only claim involved is the "plaintiffs' claims for relief in the nature of habilitation in the least restrictive environment in accordance with the recommendation of professional treatment staff." The district court denied the claim. We affirm that part of the district court opinion.
 
 
 2
 This ruling is not to be interpreted as involving anything other than the one issue presented. Nor should this ruling be interpreted as limiting in any way the relief that is available to the named plaintiffs or individual members of the class should they prove that habilitation in a community setting is required to comply with the law of this circuit that persons so confined by given "minimally adequate" care in accordance with professional standards. Wyatt v. Aderholt, 503 F.2d 1305 (5th Cir.1974).